UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCCONNELL,<br>Plaintiff,<br>v.<br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, et al.,<br>Defendants. | Case No. 26-cv-01859-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

David McConnell, a state prisoner at North Kern State Prison, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Plaintiff states a retaliation claim against Defendants Salter, Kim, Rodriguez, and Costello. All other claims and Defendants are DISMISSED with leave to amend on or before, **September 24, 2026**. Plaintiff may choose to continue only against the above Defendants, or he may file an amended complaint. Failure to file an amended complaint will result in this case only proceeding with the retaliation claim.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations**

Plaintiff alleges as follows: He was detained at Martinez Detention Facility from 2022 to 2025. (Dkt. No. 1 at 3.) He was assigned three jobs and worked thirteen hours a day, seven days a week. (*Id.*) This resulted in various injuries due to the lack of proper equipment and failure to train him to use equipment such as commercial meat slicers, ovens, knives, floor buffers, wet-vac machines, heat sealer, and certain chemicals. (*Id*. at 3, 6.) He had cuts, burns, bruises, strains, sprains, migraines, and exhaustion from the jobs. (*Id*. at 6.)

He also suffers from post-traumatic stress disorder from witnessing physical and emotional abuse of other detainees. (*Id*. at 3.) He witnessed Deputies Salter and Kim assault a detainee and they told Plaintiff that he would be transferred to a less desirable unit at the jail if he discussed what he witnessed. (*Id*. at 4-5.) He also observed Deputies Rodriguez and Costello throw a bowl of hot beans on another detainee's head, and they told him he would be moved if he said anything. (*Id*. at 5.) Due to fear of retaliation, Plaintiff did not report what he witnessed.

(*Id*. at 6.) He documented these events, but the paper disappeared after a cell search. (*Id*. at 7.)

Plaintiff also observed deputies harass mentally ill detainees. (*Id*.) He contends that the Sheriff's Department failed to enact proper policies to provide adequate medical care or protect the safety of detainees from deputies and dangerous conditions. (*Id*. at 4, 7.)

**C. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under Section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). The mere threat of harm can be a sufficiently adverse action to support a retaliation claim. *Shepard v. Quillen*, 840 F.3d 686, 688-89 (9th Cir. 2016).

Plaintiff does not allege that he engaged in any protected conduct or that an adverse actions was taken against him. He alleges that several deputies threatened him not to report any of their improper conduct or he would be moved to a less desirable part of the jail and this prevented him from disclosing the abuse to other prison staff. "[T]he mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). Plaintiff does not need to demonstrate that his speech was actually chilled, only that the threat would chill a "person of

ordinary firmness." *Id*. at 1271 ("an objective standard governs the chilling inquiry"). When liberally construed, Plaintiff states a retaliation claim against Defendants Salter, Kim, Rodriguez, and Costello.

**D. Municipal Claim**

To impose municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).

If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Plaintiff does not identify any specific Defendant with respect to his allegations about the conditions of confinement. Pursuant to *Monell*, the county is the only proper Defendant for these claims. However, Plaintiff does not present sufficient allegations that there was a policy, practice, or custom that was a moving force behind the alleged constitutional violations. Plaintiff cannot present a *Monell* claim, by only describing how he worked several jobs in dangerous conditions. He must provide more information. To establish that the county should be held liable under *Monell*, Plaintiff must identify the rights violated by that agency's policy or practice, provide details on that policy or practice, and explain how the policy or practice specifically

caused his injuries. The complaint is dismissed with leave to amend to provide additional details.

Plaintiff's allegations regarding a policy to deny adequate medical care and to allow deputies to assault other detainees fail to state a claim. He cannot bring a claim on behalf of other detainees. These claims are dismissed without leave to amend. If Plaintiff was denied adequate medical care or assaulted, he must provide specific examples.

## CONCLUSION

All Defendants except for Salter, Kim, Rodriguez, and Costello are DISMISSED with leave to amend.[1] Plaintiff may file an amended complaint on or before **September 24, 2026**, or he may choose to only proceed against the above Defendants. The amended complaint must include the caption and civil case number used in this order (26-1859 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint will result in dismissal of all Defendants except for Salter, Kim, Rodriguez, and Costello, and the case will proceed only as to the retaliation claim against Salter, Kim, Rodriguez, and Costello.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

---

[1] Plaintiff identifies Lieutenant Hernandez as a Defendant but presents no specific allegations.

Dated: August 17, 2026

RITA F. LIN
United States District Judge