UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID MCCONNELL,
Plaintiff,

v.

DEPUTY SALTER, et al.,
Defendants.

Case No. 26-cv-01859-RFL

**ORDER OF SERVICE;**

**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

## INTRODUCTION

David McConnell, a state prisoner, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court found that Plaintiff stated a retaliation claim against several Defendants but dismissed his other claim with leave to amend. Plaintiff filed an amended complaint. The amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). When liberally construed, Plaintiff states a retaliation claim against Defendants Salter, Kim, Rodriguez, and Costello. These Defendants shall file a response to the complaint, a dispositive motion, or a notice regarding such motion, on or before **March 5, 2027**.

The remaining claim is DISMISSED with leave to amend on or before **November 30, 2026**. Failure to file a second amended complaint will result in this case only proceeding with the retaliation claim.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations**

Plaintiff alleges as follows: He was detained at Martinez Detention Facility from 2022 to 2025. (Dkt. No. 9 at 1.) He was assigned three jobs and worked thirteen hours a day, seven days a week using various equipment. (*Id.*) He was never trained on the equipment which included commercial meat slicers, knives, peelers, ovens, griddles, grills, mixers, blenders, stoves, wet vacs, floor buffers, heat sealers, and certain chemicals. (*Id.* at 1-2.) Due to the lack of training, he suffered from cuts, bruises, strains, sprains, scratches, and migraines. (*Id.* at 6.)

He also witnesses abuse of other detainees. (*Id.* at 3.) In September 2024, he observed Deputies Salter and Kim assault a detainee, and they told Plaintiff that he would be transferred to a less desirable unit at the jail if he discussed what he witnessed. (*Id.* at 3.) In March 2025, he

observed Deputies Rodriguez and Costello throw a bowl of hot beans on another detainee's head, and they told him he would be moved if he said anything. (*Id*. at 4.) Due to fear of retaliation, Plaintiff did not report what he witnessed. (*Id*. at 5.) He feared being transferred to the less desirable unit because the conditions there were horrendous. (*Id*.) He documented what he observed but the document disappeared from his cell after a search. (*Id*. at 8.)

During his time at the jail, Plaintiff was provided with mind altering medications which warned patients not to operate heavy machinery while using the medications. (*Id*. at 5.) He was ordered to do his jobs which used machinery while taking these medications, some of which were for sleep. (*Id*. at 5-6.) When he told jail deputies that he was drowsy from medication, they told him it would be a quick job. (*Id*. at 6.) Plaintiff contends that medical staff at the jail did not have a policy regarding detainees being prescribed these medications and then performing dangerous tasks. (*Id*. at 7.) Various prison officials were in charge of the facility during Plaintiff's detention and were responsible for these violations and the culture and policies of the jail. (*Id*. at 7-8.)

**C. Analysis**

To impose municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).

If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event

involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

The *Monell* claim in the original complaint was dismissed with leave to amend because Plaintiff only described his working conditions. (Dkt. No. 8 at 4-5.) He did not present sufficient allegations that there was a policy, practice, or custom that was a moving force behind the alleged constitutional violations. (*Id*. at 4.) Plaintiff was informed that to establish that the county should be held liable under *Monell*, he must identify the rights violated by that agency's policy or practice, provide details on that policy or practice, and explain how the policy or practice specifically caused his injuries. (*Id*. at 4-5.)

The amended complaint does not cure these deficiencies and generally repeats the allegations from the prior complaint. While Plaintiff worked numerous shifts with dangerous equipment, he did not address if others experienced these hardships or provide facts showing that there was a policy or practice to force detainees to work in these conditions. His conclusory allegations with no support that various supervisors or the county were responsible are insufficient. Nor does he allege facts showing that there was a policy or practice to require detainees to work while on medications making such work unsafe. While it is possible that he was placed in danger by individual deputies who retrieved him for quick jobs, he has not adequately alleged facts showing that this was a common practice and that the county was responsible. The claim is dismissed with leave to amend, and Plaintiff will be provided one final opportunity to present a *Monell* claim. The Court will order service on the retaliation claim as discussed in the prior order. (Dkt. No. 8 at 3-4.)

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendant Deputies Salter, Kim, Rodriguez, and Costello shall be served at Martinez Detention Center. The Clerk shall issue a summons and the United States Marshal shall serve Defendants without prepayment of fees, a copy of the Amended Complaint (Dkt. No.

9) and all attachments thereto, and a copy of this order. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. The remaining claim is DISMISSED with leave to amend. Plaintiff may file a second amended complaint on or before **November 30, 2026**, or he may choose to proceed against the above Defendants. The second amended complaint must include the caption and civil case number used in this order (26-1859 RFL (PR)) and the words Second AMENDED COMPLAINT on the first page. <u>The second amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file a second amended complaint will result in this case proceeding only on the retaliation claim and the claim dismissed in this order will remain dismissed with prejudice.

3. On or before **March 5, 2027**, Defendants Salter, Kim, Rodriguez, and Costello shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on Defendants no later than forty-five (45) days from the date Defendants' motion is filed.

5. Defendants shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or on Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order. Such requests must be made directly to jail officials, not to the Court.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to Plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: October 23, 2026

RITA F. LIN
United States District Judge